UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re                                                                           Civil Action No. 06-CV-14281-DT
CHRISTOPHER FULWOOD                                          Bankruptcy No. 03-75140-swr

    Debtor.                                                                  HON. BERNARD A. FRIEDMAN
_____/

## OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S DECISION

This matter is presently before the Court on a bankruptcy appeal by Creditor-Appellant William Sietz ("Appellant Sietz"), pursuant to 28 U.S.C. § 158(a). Appellant Sietz appeals the bankruptcy court's order denying his "motion for status (results)", which was entered on September 20, 2006.

Appellant Sietz filed his Notice of Appeal on September 28, 2006. He filed his Appellant Brief on October 17, 2006. Trustee-Appellee Basil Simon ("Appellee Simon") filed his Appellee Brief on October 30, 2006.

The Court has reviewed the briefs and relevant documents. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court shall decide the appeal without oral argument. The Court will affirm the bankruptcy judge's decision.

The Court reviews the bankruptcy court's decision under an "abuse of discretion" standard. The Sixth Circuit has stated that a court commits an "abuse of discretion" when it "relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." United States v. Hart, 70 F.3d 854, 859 (6th Cir. 1995) (quotations and citation omitted). The Sixth Circuit has explained the standard of "abuse of discretion" as follows:

> All it need mean is that, when judicial action is taken in a
> discretionary matter, such action cannot be set aside by a
> reviewing court unless it has a definite and firm conviction that the

>court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. There is no exact measure of what constitutes abuse of discretion. It is more than the substitution of the judgment of one tribunal for that of another. Judicial discretion is governed by the situation and circumstances affecting each individual case. Even where an appellate court has power to review the exercise of such discretion, the inquiry is confined to whether such situation and circumstances clearly show an abuse of discretion, that is, arbitrary action not justifiable in view of such situation and circumstances.

Balani v. INS, 669 F.2d 1157, 1160-61 (6th Cir. 1982) (quotations and citations omitted). The Sixth Circuit has further explained that the "question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." Barlow v. M.J. Waterman & Assocs., Inc. (In Re M.J. Waterman & Assocs., Inc.), 227 F.3d 604, 608 (6th Cir. 2000).

Here, the Court finds that the bankruptcy court's decision was not an unjustifiable "arbitrary action" or a "clear error of judgment." As such, the bankruptcy judge did not abuse his discretion when he denied Appellant Sietz's motion. Therefore, the Court will deny Appellant Sietz's bankruptcy appeal. Accordingly,

>IT IS ORDERED that the bankruptcy court's decision is affirmed.

\_\_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: January 8, 2007
        Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

_____**/s/ Patricia Foster Hommel**_____
         **Patricia Foster Hommel**
    **Secretary to Chief Judge Friedman**